### IN THE MATTER OF VINCENT A. PERNETTI, AN ATTORNEY AT LAW.

Argued March 9, 1971—Decided April 5, 1971.

Mr. *James J. Murner, Jr.* argued the cause for Passaic County Ethics Committee.

158

*Mr. Walter D. Van Riper* argued the cause for respondent.

PER CURIAM: The respondent Vincent A. Pernetti was charged in a four-count federal indictment with violations of 18 *U. S. C.* §§ 2, 371, 1010. In the midst of his trial he pleaded nolo contendere to the second count which charged that he had "wilfully and knowingly" made and submitted a false statement to the Federal Housing Administration in connection with a mortgage loan offered to and accepted by the Federal Housing Administration for its insurance. 18 *U. S. C.* §§ 2, 1010. Thereupon the remaining counts were dismissed and, after a presentence report was prepared, the respondent was sentenced. His plea of nolo contendere was equivalent for present purposes to a plea of guilty (*Kravis v. Hock,* 136 *N. J. L.* 161, 164–165 (*E. & A.* 1947)) and his conviction subjected him to disbarment or other disciplinary action. *In re Keller,* 25 *N. J.* 130 (1957).

After hearing, the Passaic County Ethics Committee filed its presentment and we issued an order to show cause. Under date of April 15, 1970, we remanded the proceedings to the Committee to afford the respondent an opportunity to testify with reference to matters set forth in the presentence report. At the same time we ordered that "pending the determination of final disciplinary action, the respondent be and he is hereby suspended from the practice of law." In due course the Committee held a hearing during which the respondent testified with respect to matters set forth in the presentence report. The Committee also held hearings in connection with an inquiry as to whether the respondent had violated the order suspending him pending final disciplinary action. The Committee found that he had not violated the order and we accept that finding. On the issue as to the appropriate discipline for the fraudulent conduct on which the federal conviction was based, we have carefully considered the pertinent materials in the complete record before us, along with the argument submitted by counsel on his behalf, and are satisfied that the respondent should be sus-

pended for a period of three years commencing April 15, 1970 and until further order of the Court.

It is so ordered.

*For suspension of 3 years*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO —6.